IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**KENNEDY M. RUSSEL,**

**Defendant.**   No. 10-cr-30196-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On March 26, 2012 and March 30, 2012, Russell, filed notices, which the Court construes as a motions to reverse the judgment and conviction (Docs. 77 & 78). In these motions, Russell argues that his is not a citizen of the United States and that the Court does not have jurisdiction over him. Based on the following, the Court dismisses Russell's motions for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence

must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Russell does not cite any case law or statute which allows the Court to consider his motions. Rule 35 is inapplicable because these motions are brought over 6 months *after* the sentencing and Judgment (September 16, 2011 & September 19, 2011, respectively); the motions do not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motions do not appear to be brought on newly discovered evidence and they were not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Russell could bring these motions is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Russell intends to pursue a collateral attack.[1] Because the Court finds that Russell's motions do not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motions.

Accordingly, the Court dismisses for want of jurisdiction Russell's March 26,

---

[1] In the event that Russell wishes to file a collateral attack, the Court advises Russell to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure and the Court's Local Rules on how to properly file such a petition.

2012 and March 30, 2012 motions to reverse judgment and conviction (Docs. 77 & 78).

**IT IS SO ORDERED.**

Signed this 2nd day of April, 2012.

David R. Herndon
2012.04.02
09:50:22 -05'00'

**Chief Judge
United States District Court**