## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**KENNEDY M. RUSSEL,**

**Defendant.**                                                    **No. 10-cr-30196-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Russell's September 14, 2012 motion for relief from judgment or Order FPCP 60(b)(4)(Doc. 85). Based on the following, the Court dismisses Russell's motions for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial

based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Russell does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because this motion is brought just shy of a year *after* the sentencing and Judgment (September 16, 2011 & September 19, 2011, respectively); the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and they were not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Russell could bring this motion is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Russell intends to pursue a collateral attack.[1] Because the Court finds that Russell's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

---

[1]It is noted that the defendant filed a petition pursuant to 28 U.S.C. § 2255 at the same time he filed this motion.

Accordingly, the Court dismisses for want of jurisdiction Russell's September 14, 2012 motion for relief from judgment or order FRCP Rule 60(b)(4) (Doc. 85).

**IT IS SO ORDERED.**

Signed this 20th day of September, 2012.

Digitally signed by
David R. Herndon
Date: 2012.09.20
17:24:05 -05'00'

**Chief Judge**
**United States District Court**